Gorman, J.
These five proceedings are filed in this court, each involving the same questions and are error proceedings from a judgment of H. H. Hill, mayor of the village of Milford, Ohio. The above named plaintiffs in error were arrested upon warrants issued by the mayor of the village of Milford on or about September 20, 1911, charging each of them with a violation of Section 13047 of the General Code, prohibiting persons from engaging in the business of barbering on Sunday. The offense is a misdemeanor under said section and the penalty for a violation of the statute is a fine of not less than fifteen dollars for the •first offense and for each subsequent offense not less than twenty dqllars nor more than thirty dollars, or imprisonment in jail for not less than twenty days nor more than thirty days, or both. The affidavit upon which the warrant was based in each ease sets out that the plaintiff in error is 'a resident of Hamilton county and that the offense was committed in Hamilton county, in the state of Ohio. The record in each case discloses that the plaintiff in error was apprehended under the warrant, brought before H. H. Hill, mayor of the village of Milford, and tried by him upon the charge at his office in the village of Milford in Clermont county, Ohio.
The village of Milford is situated partly in Hamilton county and partly in Clermont county. Its public offices are situated in Clermont county. The mayor’s office is also there situated, and the eases were tried- at that place.
By the provisions of Section 4536 of the General Code, the mayor of a village shall have final jurisdiction to hear and determine any prosecution for a misdemeanor, unless the accused is by the Constitution entitled to a trial by jury. His jurisdiction in such cases shall be co-extensive with the county.
Now, all of the cases at bar are misdemeanors in which only a fine can be and was imposed, because they are the first offenses charged; and none of the plaintiffs in error is entitled to a jury trial.
By the provisions of Section 11275 of the General Code, where the charter of a corporation created under the laws of the state *392 prescribe the place where suits must be brought, that provision shall govern. The village of Milford being located in two counties and the public offices being in Clermont county and not in Hamilton county, the situs of that village is in Clermont county. This was decided by our circuit court directly in the case of C., C. & W. Turnpike Co. v. Milford, 13 C.C.(N.S.), 170. See also, Fostoria v. Fox, 60 O. S., 340.
The jurisdiction of the mayor in villages in misdemeanor cases is confined to the county in which the municipality is located. But by the provisions of Section 3539 of the General Code, it is provided that when the jurisdiction of municipal officers is coextensive with the county in which the corporation is situated, their jurisdiction in corporations embracing territory of more than one county shall be co-extensive with each of the counties in which any part of such territory is located. In other words, the village of Milford being located in two counties, the mayor thereof, although his office, and the situs of the village is in Clermont county, has jurisdiction in misdemeanor cases, provided for in Section 4536 of the General Code, eo-extensive with both Clermont and Hamilton counties. It would therefore appear that the mayor of the village of Milford had jurisdiction to issue a warrant and hear and determine the prosecution of a person charged with being guilty of a misdemeanor in Hamilton county, as these plaintiffs in error were charged and prosecuted.
Upon the trial before the mayor of the village of Milford, all of these' plaintiffs in error were found guilty of the violation of the section of- the statute heretofore cited, and each was adjudged to pay a fine of twenty-five dollars, and costs amounting to fifteen dollars and forty cents, and to stand committed to the Cincinnati Work House until the fine and costs were paid, or secured to be paid, or until they should be otherwise legally discharged.
To this judgment, each of the above plaintiffs in error excepted and filed his petition in error in this court, to reverse, and vacate and set asidé the judgment.
By the provisions of Section 13751 of the General Code, the court of common pleas in criminal cases has jurisdiction to re *393 view a judgment or final order in a criminal ease made by a court or officer inferior to the court of common pleas. In order to obtain such review of the judgment it is necessary to file a petition in error together with a transcript and a complete record of the docket entries made in the court below.
By the provisions of Section 13754, when the petition in error is filed in the court of common pleas, a summons shall issue thereon, directed to the sheriff of the county'in which the judgment was rendered, containing a description of the judgment so as to identify it, reciting the fact that the petition in error has been filed, and commanding the sheriff to notify the prosecuting attorney of the county of the time when the petition in error will be for hearing, and if additional papers are required, the sheriff is commanded to notify the officer (in this case the mayor of Milford) in whose possession they are, to forward them to the court of common pleas.
In each of these cases the plaintiffs in error caused a summons to be issued and served upon the prosecuting attorney of Clermont county and also upon the mayor of the village of Milford, as required by law. A complete record of the proceedings before the mayor of the village of Milford is also brought up and filed in each of the cases and they were submitted to the court upon the arguments of counsel and voluminous briefs.
It appears therefore from the record in each one of these eases that these judgments were rendered in Clermont county; and inasmuch as the Court of Common Pleas of Hamilton County has no jurisdiction to hear and determine a proceeding in error to reverse, vacate or modify a judgment rendered outside of Hamilton county, it would seem that this court can not proceed to a determination of the merits of the controversy involved in any of these proceedings in error.
It was held in the case of Railroad Company v. Hollenberger, 76 O. S., 177, that where the court has no jurisdiction of the subject-matter of the suit, the proceedings should be dismissed at any stage of the ease when that fact is made to appear. Now Hamilton county constitutes the first judicial district of the state of Ohio, and its jurisdiction to hear and determine cases ex *394 tends only to cases, prosecutions and proceedings which arise in Hamilton county. A judgment by a mayor of an adjoining county can not be reviewed by the Court of Common Pleas of Hamilton County, but must be reviewed in the court of common pleas of the county in which the judgment was rendered. The fact that the village of Milford is located partly in Hamilton county, does not give the court of common pleas of this county jurisdiction to review a judgment of the mayor of that village, unless that judgment were rendered in Hamilton county. But as we have heretofore pointed out, the record shows that these judgments were rendered in Clermont county; that the situs of the village of Milford is in Clermont county under the decision of the circuit court above cited and the statute, and that all prosecutions for violations of ordinances and statutes must be heard and determined at the situs of the corporation in Clermont county.
It seems to me that the provisions of the General Code, Section 14754, which require a summons in error to be served upon the sheriff of the county in which the judgment is rendered in proceedings of this character, indicate clearly that the Legislature contemplated and intended that the prosecuting attorney of the county in which the judgment was rendered should look after the interests of the state in proceedings in error of this character. While the Constitution does not directly limit the jurisdiction of the court of common pleas to review judgments within the territorial limits of the county or districts, nevertheless, it is unquestioned that .its jurisdiction does not extend beyond the district which is co-extensive with the county, as far as Hamilton county is concerned.
I am therefore of the opinion that this court should not pass upon the merits of the controversies involved in these proceedings in error, but that error should be prosecuted, if it is desired, by the-plaintiffs in error to the Court of Common Pleas of Clermont County.
Because of the lack of jurisdiction to hear and determine them, it is the judgment of this court that the petitions in error be dismissed or stricken from the files.